IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEMETRIUS WILLIAMS

      Plaintiff,

v.

CITY OF DETROIT, a municipal corporation

      Defendant.

_____/

Case No.

Hon.

JURY TRIAL DEMANDED

Chris P. Wido (Ohio # 0090441)
*Admitted to the District Court for E.D. Mich*
**SPITZ, THE EMPLOYEE'S LAW FIRM**
3 Summit Park Drive, Suite 200
Independence, Ohio, 44131
Phone:  (216) 364-1330
Fax:     (216) 291-5744
Email:  chris.wido@spitzlawfirm.com

_____/

## COMPLAINT

Plaintiff, Demetrius Williams, by and through undersigned counsel, as his Complaint against Defendant City of Detroit, states and avers the following:

### PARTIES.

1. Williams is a resident of the city of Redford, Wayne County, Michigan.

2. Defendant City of Detroit is a municipal corporation in the State of Michigan.

### JURISDICTION AND VENUE.

3. This action arises under Title VII of the Civil Rights Act of 1964 and Section 1981, creating jurisdiction under Article III of the Constitution and 28 U.S.C. §§ 1331 and 1343(3) and (4)

4. This Court has supplemental jurisdiction over William's state law claims under 28 U.S.C. § 1367.

5. Venue is proper in this Court according to 28 U.S.C. § 1391(b) because the incidents, events, and occurrences giving rise to this action occurred in the Eastern District of Michigan and because all Parties are domiciled in the Eastern District of Michigan.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES.

6. Within 300 days of the conduct alleged below, Williams filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Charge No. 471-2023-04940, alleging that he had been denied employment by Defendant based on his age at the time, 54, and because of a perceived disability and/or mental impairment.

7. On or about October 8, 2024, the EEOC issued a Notice of Right to Sue letter to Williams.

8. Williams has filed this Complaint within 90 days of the issuance of the Notice of Right letter.

9. Williams has properly exhausted his administrative remedies against Unifi pursuant to 29 C.F.R. § 1614.407(b).

## FACTUAL ALLEGATIONS.

10. In or around November of 2022, Williams applied for an open position as a Police Officer with the City of Detroit.

11. The Police Officer position was entry-level and required applicants to be over 18 years of age, possess a high school diploma or GED, be a citizen, and have no felony convictions.

12. At the time of his application, Williams was 54 years old and a member of a protected class based on his age.

13. The Detroit Police Department ("DPD") hiring process required applicants to meet minimum requirements, including a criminal history check; pass the MCOLES Pre-Employment Reading and Writing Test; pass the MCOLES Physical Fitness Test; attend an Application Orientation; pass a Background Investigation; complete and pass an Oral Board Interview; and pass Psychological (written and oral) and Medical Examinations.

14. As a 54-year-old applicant, Williams was required to submit his employment history covering the previous twenty-five years.

15. By contrast, younger applicants were only required to submit approximately five years of employment history.

16. On or about December 3, 2022, Williams passed the MCOLES Physical Fitness Test.

17. On or about December 17, 2022, Williams was scheduled to sit for the MCOLES Pre-Employment Reading and Writing Test.

18. During the administration of the exam, Corporal Saeed Thomas instructed all applicants over the age of 45 to raise their hands.

19. Williams was the only applicant in the room who raised his hand in response.

20. Corporal Thomas subsequently instructed applicants in other age groups to raise their hands, revealing that most applicants were between twenty and thirty years of age.

21. Williams passed the MCOLES Pre-Employment Reading and Writing Test.

22. On or about January 17, 2023, DPD completed a home assessment of Williams's residence as part of the hiring process.

23. On or about March 4, 2023, Williams completed and passed both the Oral Board Interview and the Psychological Written Examination.

24. On March 9, 2023, Williams underwent the oral psychological examination, which lasted approximately 15 minutes ("Examination").

25. Williams was examined by Dr. Lyle Danuloff.

26. During the Examination, Williams was asked, "What can a 54-year-old bring to a police department?"

27. Despite being surprised by the question, Williams responded by highlighting his extensive skills, including communication abilities.

28. Dr. Danuloff then inquired whether Williams had ever undergone counseling.

29. Williams disclosed that he had used Better Help, an online therapy service, primarily for marital counseling, while also addressing topics such as job harassment, future career goals, and police brutality towards African Americans.

30. Williams emphasized that the counseling sessions did not relate to any mental health disabilities.

31. Following Williams's response regarding counseling, Dr. Danuloff abruptly ended the examination.

32. Subsequently, in a document titled "psychological findings," Dr. Danuloff remarked that "there is no fit for law enforcement here. At 54 years of age, given the above, he remains lost professionally" ("Findings").

33. Dr. Danuloff further found that Williams was "hyper verbal and presented as though he was applying for the clergy" and "has a 'Pollyanna' view of the world."

34. Dr. Danuloff made an adverse recommendation against hiring Williams because of his age and because he perceived Williams to suffer from a mental disability or mental impairment, when he does not.

35. Even if Dr. Danuloff's conclusion that Williams was "hyper verbal," "presented as though he was applying for the clergy," and/or had a "Polyanna" view of the world were accurate, such traits would not prevent Williams or anyone else from performing the essential functions of a Detroit Police Officer.

36. Dr. Danuloff's Findings were provided to Defendant.

37. Based on Dr. Danuloff's findings, which directly cited William's age and perceived mental illness and/or impairment as reasons not to hire Williams, Defendant refused to hire Williams.

38. Defendant failed and refused to hire Williams because of his age.

39. Upon information and belief, Defendant has not hired anyone age 54 or older to work as an entry level Police Officer at anytime in the last five years.

40. Defendant failed and refused to hire Williams because it perceived him as suffering from a non-disqualifying mental disability and/or impairment.

41. As a result of Defendant's wrongful conduct, Williams suffered and continues to suffer damages.

### COUNT I: WRONGFUL FAILURE TO HIRE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT.

42. Williams restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

43. At all times relevant herein, Williams was over 40 years of age and therefore a member of a protected class under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

44. Williams was fully qualified for the Police Officer position at the Detroit Police Department.

45. Defendant, the Detroit Police Department, discriminated against Williams based on his age when it subjected him to disparate treatment and ultimately refused to hire him.

46. Defendant's age-based discriminatory actions included, but were not limited to, requiring Williams to submit a significantly more extensive employment history compared to younger applicants and making age-biased inquiries and comments during the hiring process.

47. Defendant violated 29 U.S.C. § 623(a)(1) by failing or refusing to hire Williams and by otherwise discriminating against him with respect to the terms, conditions, and privileges of employment because of his age.

48. As a result of Defendant's discrimination, Williams has suffered the loss of income, loss of benefits, mental anguish, and emotional distress, including but not limited to humiliation, depression, anxiety, and a loss of self-esteem.

49. Defendant's conduct was willful, entitling Williams to liquidated damages pursuant to 29 U.S.C. § 626(b).

5

50. To remedy the violations of the ADEA, Williams requests that the Court award him all available relief, including back pay, front pay, injunctive relief, compensatory and liquidated damages, attorneys' fees, costs, and any other relief the Court deems just and proper.

### COUNT II: WRONGFUL FAILURE TO HIRE BASED ON AGE IN VIOLATION OF THE ELLIOT-LARSEN CIVIL RIGHTS ACT.

51. Williams restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

52. Pursuant to Mich. Comp. Laws § 37.2202(1)(a), an employer shall not fail or refuse to hire or otherwise discriminate against an individual with respect to employment, compensation, or the terms, conditions, or privileges of employment because of age.

53. At all times relevant herein, Williams was 54 years old and therefore a member of a protected class under the ELCRA.

54. Williams was fully qualified for the Police Officer position at the Detroit Police Department.

55. Defendant discriminated against Williams on the basis of age when it subjected him to disparate treatment during the hiring process and ultimately refused to hire him.

56. Defendant's discriminatory acts included subjecting Williams to disparate application requirements compared to younger applicants and making inappropriate inquiries and comments regarding his age.

57. Defendant's refusal to hire Williams based on his age violated Mich. Comp. Laws § 37.2202.

58. As a result of Defendant's discriminatory actions, Williams has suffered loss of employment opportunities, income, benefits, mental anguish, and emotional distress, including but not limited to depression, humiliation, embarrassment, anxiety, and a loss of self-esteem.

59. Williams is entitled to injunctive, equitable, and compensatory relief, including but not limited to reinstatement, back pay, front pay, damages for emotional distress, punitive damages, attorneys' fees, costs, and any other relief the Court deems appropriate and just.

### COUNT III: WRONGFUL FAILURE TO HIRE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT.

60. Williams restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

61. At all times referenced herein, Williams was fully qualified for the Police Officer position.

62. Defendant perceived Williams as disabled and/or as suffering from a mental impairment.

63. Prior to denying Williams employment, Defendant failed to investigate whether William was actually disabled; whether any disability he might have would have prevented him from performing the essential job functions of a police officer; and whether the DPD could offer Williams any accommodations that would allow Williams to perform the essential job functions of a police officer.

64. Defendant violated 42 U.S.C. § 12101 *et seq.* when it refused to hire Williams because it perceived him as disabled and/or as suffering from a mental impairment.

65. As a result of Defendant's discrimination against Williams in violation of the ADA, Williams has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Williams to injunctive, equitable, and compensatory monetary relief.

66. As a result of Defendant's discrimination against Williams in violation of the ADA, Williams has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

67. To remedy the violations of the rights of Williams secured under the ADA, Williams requests that the Court award him the relief prayed for below.

## COUNT IV: WRONGFUL FAILURE TO HIRE IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT.

68. Williams restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

69. Pursuant to Mich. Comp. Laws § 37.2702(1)(a), an employer shall not "[f]ail or refuse to hire, recruit, or promote an individual because of a disability or genetic information that is unrelated to the individual's ability to perform the duties of a particular job or position."

70. Mich. Comp. Laws § 37.2702(1)(b) provides that employers shall not "Discharge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a disability or genetic information that is unrelated to the individual's ability to perform the duties of a particular job or position."

71. At all times referenced herein, Williams was fully qualified for the Police Officer position.

72. Defendant perceived Williams as disabled and/or as suffering from a mental impairment.

73. Prior to denying Williams employment, Defendant failed to investigate whether William was actually disabled; whether any disability he might have would have prevented him from performing the essential job functions of a police officer; and whether the DPD could offer Williams any accommodations that would allow Williams to perform the essential job functions of a police officer.

74. Defendant violated Mich. Comp. Laws §§ 37.2202(1)(a); 37.1202(1)(a), (d) when it refused to hire Williams because it perceived him as disabled and/or as suffering from a mental impairment.

75. As a result of Defendant's discrimination against Williams in violation of the Michigan Law, Williams has been denied employment opportunities providing substantial compensation and

benefits, thereby entitling Williams to injunctive, equitable, and compensatory monetary relief.

76. As a result of Defendant's discrimination against Williams in violation of the Michigan Law, Williams has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

77. In its discriminatory actions as alleged above, Defendant acted arbitrarily and capriciously, thereby entitling Williams to an award of punitive damages.

78. To remedy the violations of the rights of Williams secured by Michigan Law, Williams requests that the Court award him the relief prayed for below.

## PRAYER FOR RELIEF.

WHEREFORE, Plaintiff Demetrius Williams requests judgment in his favor against Defendant City of Detroit containing the following relief:

(a) An order directing Defendant to offer Williams the position he would have occupied but for its unlawful discrimination, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and conduct are eliminated and do not continue to affect Williams;

(b) On Counts I and II, an award against Defendant of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Williams for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security, and other benefits of employment;

(c) On Counts I and II, an award against Defendant of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Williams for all non-monetary and/or compensatory damages, including, but not limited to, mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence, and personal dignity, and any other physical or mental suffering or injuries caused by Defendant's unlawful conduct;

(d) On Counts I and II, an award of punitive damages as permitted by law to deter similar future unlawful conduct;

(e) On Count III, an award against Defendant for all damages available under the Americans with Disabilities Act, including, but not limited to, compensatory

    damages for pain, suffering, emotional distress, and economic losses, as well as injunctive relief to prevent further discrimination;

(f) On Count IV, an award of damages under the Michigan Persons with Disabilities Civil Rights Act, including but not limited to compensatory damages for economic loss, emotional distress, and an award of punitive damages where applicable;

(g) An award of costs incurred in bringing this action, including reasonable attorneys' fees, expert witness fees, and other litigation costs to the fullest extent permitted by law; and

(h) Such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        */s/ Chris P. Wido*
        Chris P. Wido (Ohio # 0090441)
        *Admitted to the District Court for E.D. Mich*
        **SPITZ, THE EMPLOYEE'S LAW FIRM**
        3 Summit Park Drive, Suite 200
        Independence, Ohio, 44131
        Phone: (216) 364-1330
        Fax:   (216) 291-5744
        Email: chris.wido@spitzlawfirm.com

        *Attorney For Plaintiff Demetrius Williams*

## **JURY DEMAND**

Plaintiff Demetrius Williams demands a trial by jury by the maximum number of jurors permitted.

/s/ Chris P. Wido
Chris P. Wido (Ohio # 0090441)

*Attorney for Plaintiff Demetrius Williams*